IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTWAN TRAVERS,               *

      Petitioner,               *           Civil Action No. RDB-16-3485

      v.                     *           Criminal Action No. RDB-14-522

UNITED STATES OF AMERICA,     *

      Respondent.             *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

The *pro se* Petitioner Antwan Travers ("Petitioner" or "Travers") pled guilty before this Court to Counts 7 and 8 of a Superseding Indictment (ECF No. 33) charging him with Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count 7), and Attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count 8), in connection with a series of robberies committed in February and March of 2014. *See* J. p.1, ECF No. 83. Although the Superseding Indictment had charged Travers with an additional nine counts, including Using, Carrying, and Brandishing a Firearm During and in Relation to Crimes of Violence, in violation of 18 U.S.C. § 924(c) (Counts 5, 10 & 12), those Counts were dismissed by the Government. Pursuant to a Rule 11(c)(1)(C) Plea Agreement (ECF No. 60), Travers and the Government stipulated that a sentence between 180 and 240 months would be appropriate. This Court ultimately sentenced Travers to 180 months as to the conspiracy charge (Count 7) and 180 months as to the attempt charge (Count 8) to run concurrently for a total sentence of 180 months imprisonment with credit for time served in federal custody since December 11, 2014. *Id.* at 2. Although Travers appealed this Court's

1

Judgment to the United States Court of Appeals for the Fourth Circuit, he later dismissed his appeal. *See* Order, ECF No. 96.

Subsequently, Petitioner filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 105), in which he argues that he "could not be guilty of violating 924(c)" in light of the United States Supreme Court's intervening decision in *Johnson* v. *United States*, 135 S. Ct. 2551 (2015). Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). Petitioner's Motion is completely without merit because the Section 924(c) charges were in fact dismissed, and *Johnson* has no impact on Petitioner's conviction or 180-month sentence for Conspiracy to Commit Hobbs Act Robbery and Attempted Hobbs Act Robbery. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 105) is DENIED.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255(a). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside

2

and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

### I. Petitioner is Not Entitled to Relief Under the *Johnson* Decision

Documents filed *pro se* are to be "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007). Even construing the Petitioner's filings liberally, he has stated no grounds for relief under 18 U.S.C. § 2255 because the *Johnson* decision has no bearing on his conviction and sentence. An "armed career criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is an individual who violates 18 U.S.C. § 922(g) and who has three prior convictions for either a "violent felony" or a "serious drug offense," or both. Pursuant to 18 U.S.C. § 924(e)(1), a person who qualifies as an armed career criminal under the ACCA is subject to a mandatory term of imprisonment of not less than fifteen years. In *Johnson* v. *United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the "Residual Clause" of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. After *Johnson*, an offense can only qualify as a "violent felony" under the ACCA if it falls within the ambit of the "Force Clause" or is one of the ACCA's enumerated offenses. The Petitioner was not sentenced as an "armed career criminal." Accordingly, the *Johnson* decision is inapplicable.

Although the question of whether *Johnson* applies to the definition of "crime of violence" under 18 U.S.C. § 16, which is similarly worded to the definition of "crime of

violence" under Section 924(c), is currently pending before the United States Supreme Court in *Sessions* v. *Dimaya*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 85 U.S.L.W. 3114 (U.S. Sept. 29, 2016) (No. 15-1498), the issue before the Supreme Court in *Dimaya* has no effect on Petitioner's conviction because he was not convicted under Section 924(c). Petitioner pled guilty only to Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count 7), and Attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count 8). *See* J. p.1, ECF No. 83. Section 1951 does not require a predicate "crime of violence" nor does it include a residual clause. Accordingly, *Johnson* is not applicable to the Petitioner's convictions.

Although Petitioner contends that he "would not have entered the guilty plea and would have gone to trial" had he known of the *Johnson* decision, *see* Mot., p.5, ECF No. 105, this hypothetical argument does not entitle him to relief under Section 2255. To the extent Petitioner seeks to withdraw his guilty plea, his Motion is equally without merit. Petitioner testified before this Court following a Rule 11 colloquy that he was in fact guilty of Attempted Hobbs Act Robbery and Conspiracy to Commit Hobbs Act Robbery. The Fourth Circuit has long recognized that a defendant's sworn statements attesting to their comprehension of a guilty plea "are treated as conclusive with regard to the validity of the plea and may not be controverted later." *Savino v. Murray*, 82 F.3d 593, 603 (4th Cir. 1996) (referencing *Boykin* v. *Alabama*, 395 U.S. 238, 243-44 (1968)). "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216,

4

221 (4th Cir. 2005). Petitioner has made no showing of "extraordinary circumstances." For all of these reasons, Petitioner has demonstrated no entitlement to post-conviction relief under 28 U.S.C. § 2255.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 105) is DENIED..

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:      June 9, 2017

_____

Richard D. Bennett
United States District Judge

5